The opinion of the Court was delivered by
Colcock, J.
The Act of IT89, I have always thought, controlled the Discount Act[2] in this particular. It is no difficult matter for the representative of an estate, to give a preference to one creditor, if this be allowed, for, suppose that creditor sued by the administrator, and upon filing his discount, he obtain a verdict for a large amount, and enforce it, the whole estate may be taken from the other creditors. But it is conceived, that there are ample remedies for this and every other inconvenience, which may arise by pursuing the authority of the discount Act; and my brethren are unanimously of opinion, that the discount in this case should have been allowed. They think the representative should reply plene administravit to the discount, when it exceeds the debt as to the surplus, and that the Court will grant him time to make out his accounts, and marshal the assets of the estate; and that a creditor, who *aqqi would attempt to enforce his ^judgment, might be restrained by J the Court of Equity, and thus the inconveniences apprehended be provided against. The motion is granted.
Johnson, Huger, Gantt and Bjohardson, JJ., concurred.

 Act 1759, 4 Stat. 76.